Liao v. Garland

BIA
A078 213 203

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-one.

PRESENT:
    JOSÉ A. CABRANES,
    REENA RAGGI,
    DENNY CHIN,
        *Circuit Judges.*

_____

GUO MEI LIAO,
        *Petitioner,*

        v.                                    19-3819
                                              NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Jed S. Wasserman, Law Office of Ng
                         & Wasserman, PLLC, New York, NY.

FOR RESPONDENT:          Jeffrey Clark, Acting Assistant
                         Attorney General; Anna E. Juarez,
                         Senior Litigation Counsel; Jeffrey
                         R. Meyer, Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Guo Mei Liao, a native and citizen of the People's Republic of China, seeks review of an October 23, 2019, decision of the BIA denying her motion to reconsider and reopen. *In re Guo Mei Liao,* No. A 078 213 203 (B.I.A. Oct. 23, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of motions to reconsider and reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69, 173 (2d Cir. 2008). Liao's 2018 motion was untimely filed more than 16 years after her 2002 removal order. *See* 8 U.S.C. § 1229a(c)(6)(B) (30-day deadline for motion to reconsider), (7)(C)(i) (90-day deadline for motion to reopen). Liao argues that the BIA should have excused the time limit in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), but the BIA alternatively determined that reconsideration and reopening were not warranted because Liao failed to establish either her prima facie eligibility for

2

cancellation of removal as required to reopen or exceptional circumstances that warranted reopening sua sponte. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (failure to establish prima facie eligibility for relief is an independent basis for denying motion to reopen); *In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) (the BIA's power to reopen proceedings sua sponte in exceptional situations is not meant for circumventing regulations where enforcing them might result in hardship).

For a non-permanent resident, like Liao, to be eligible for cancellation, she must have accrued 10 years of continuous physical presence in the United States. 8 U.S.C. § 1229b(b)(1)(A). In *Pereira*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires a notice to appear ("NTA") to include a hearing time and place to trigger the "stop-time rule," ending the accrual of physical presence. 138 S. Ct. at 2113–20. After *Pereira*, the BIA held that when an NTA omits this information, the accrual of time stops when the missing information is provided. *See Matter of Mendoza-Hernandez & Capula-Cortes*, 27 I. & N. Dec. 520, 529 (B.I.A. 2019).

The Supreme Court has since rejected the BIA's position, holding that an NTA missing a hearing date and time is not cured for purposes of the stop-time rule by a subsequent notice providing the missing information. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1485–86 (2021) (requiring the Government to issue a single NTA containing all statutorily required information rather than providing the information in separate documents). Here, Liao's May 30, 2001 NTA failed to provide the statutorily required date and time for her hearing. Under *Niz-Chavez*, Liao's subsequent June 25, 2001 notice of hearing, which eventually provided the date and time for her hearing, was insufficient to cure the original notice's defect. Accordingly, her original NTA did not stop her accrual of continuous physical presence.

Furthermore, the BIA failed to adequately explain its conclusion that Liao's removal order ended her accrual of physical presence because the Immigration and Nationality Act states that accrual of physical presence ends with service of an NTA or commission of certain criminal offenses, and the BIA did not cite any binding authority for its conclusion that a removal order stops the time. *See* 8 U.S.C.

4

§ 1229b(d)(1) (providing that the accrual of continuous physical presence ends only upon (1) service of a statutorily sufficient NTA or (2) commission of certain criminal offenses enumerated under 8 U.S.C. § 1182(a)(2)). Therefore, the BIA erred in so determining that Liao failed to establish her prima facie eligibility for cancellation because she had not accrued the requisite physical presence. *See Abudu*, 485 U.S. at 104.

Liao's remaining argument that the agency lacked jurisdiction over her removal proceedings is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110-12 (2d Cir. 2019). In *Banegas Gomez*, we held that *Pereira* addressed a narrow question regarding the stop-time rule and does not "void *jurisdiction* in cases in which an NTA omits a hearing time or place." 922 F.3d at 110. The Supreme Court's ruling in *Niz-Chavez* similarly focuses on the stop-time rule, and does not address the IJ's jurisdiction, which is governed by regulation not the statutory provision relevant to the stop-time rule. *See Niz-Chavez*, 141 S. Ct. at 1480-81; *see also Banegas Gomez*, 922 F.3d at 111-12.

For the foregoing reasons, the petition for review is

GRANTED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court